## (May 13, 1965)

■ In the Matter of the Claim of JEAN CASTELLANO, Respondent, v. B. & A. SPECIALTIES COMPANY, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Decedent, a salesman, lived in White Plains. He performed some of his selling work by telephone from his employer's New York office and also called personally on customers in New York and out of town, sometimes commencing his occasional out-of-town trips from his home. The employer's president described him as "the outside

man", the one who "did the traveling" and conceded that "there was no set time he had to check in any particular day, any particular time". On the day of his death, decedent, on coming to breakfast, complained of a pain in his chest and said that he would not go to the office except that he had an appointment, which the employer's officer subsequently identified as with an out-of-town customer with whom decedent was then engaged in attempting to resolve a difference concerning prices. Decedent brought up from the basement of his home two bags containing samples, weighing about 30 pounds each, looked them over and, when leaving, took them downstairs to the garage and placed them in his automobile, where they were subsequently found. He then drove to the railroad station, parked his car, climbed stairs to the track level and boarded a train, where he collapsed and died. Claimant's expert, a cardiologist, testified to "an acute fatal coronary insufficiency with acute coronary thrombosis". He interpreted decedent's pain as an anginal symptom "without any acute exacerbation which would have prompted or forced him, at least, to cease whatever he was doing". The subsequent exertion, according to the doctor — who several times stressed the carrying of the bags up and down the stairs at home and referred to the mounting of the station stairs as the straw that broke the camel's back — "was responsible for the increase of coronary insufficiency, myocardial ischemia, and his sudden death." The carrier's medical theory of a natural and normal progression, the witness specifically denied. Initially, the carrier's notice of controversy asserted questions (1) of accident, (2) of accident arising out of and in the course of the employment and (3) of causal relation; but subsequently the issues were limited to "accidental injury and causally related death", and carrier later urged as grounds for disallowance, "number one, no industrial accident; secondly, there is no causal relationship"; and rested its subsequent application for review upon its denials of accident and causal relation. Appellants' brief seems not to deny that decedent's activities found by claimant's expert, as by the board, to have constituted causative exertion, occurred in the course of the employment. However, upon giving the question of course of employment at least preliminary examination, it clearly appears that such an issue is, in any event, foreclosed by appellants' failure to raise it in their application for board review. (*Matter of Hedlund* v. *United Exposition Decorating Co.*, 15 A D 2d 973, mot. for lv. to app. den. 11 N Y 2d 646; *Matter of La Barge* v. *Mercy Gen. Hosp.*, 12 A D 2d 689, 690, mot. for lv. to app. den. 9 N Y 2d 610.) Contrary to appellants' contention, the issue of accident, which they did raise is separate and distinct from, and does not embrace the issue of course of employment, which they did not raise (see 1 Larson, Workmen's Compensation Law, § 38.83, p. 564); and this the appellants themselves recognized when separately specifying these questions in the original notice of controversy hereinbefore mentioned. Should a record be devoid of proof in respect of an issue fundamental to jurisdiction, it may be that this court could, within limitations, consider the issue for the first time on appeal, as the Court of Appeals chose to do in the case of the "barren" record in *Matter of Seymour* v. *Odd Fellows' Home* (267 N. Y. 354, 357). Of course, the line of cases exemplified by *Hedlund* (*supra*) and *La Barge* (*supra*) and decided long after *Seymour* (*supra*) were corollary to, and seemingly dictated by an amendment to the statute (see *La Barge, supra*, p. 690, discussing section 23 of the Workmen's Compensation Law, as amended by chapter 974 of the Laws of 1958). Assuming, nevertheless, the continued vitality of *Seymour* in this particular area, we find it not in point, as in this case there was no failure of proof of course of employment; some of the evidence thereof was, indeed, elicited from the employer's president; and, were the issue before

us, we would be constrained to hold the evidence substantial. Turning again to the issues specifically tendered, we reach appellants' contention that "if there was an accident * * * it had already occurred" and that because decedent "had had a heart attack sometime during the night, before he entered into the course of his employment, and when he was at rest * * * it had no relation to his employment". A compensable accident may, however, be found the result of excessive effort exerted after diagnosis of a serious heart condition and medical advice to refrain from working (*Matter of Colone* v. *Tavern on the Green*, 21 A D 2d 930, 931, mot. for lv. to app. den. 14 N Y 2d 487) or, indeed, after an acute heart attack has commenced (*Matter of Evans* v. *Allegheny Ludlum Steel Corp.*, 22 A D 2d 838, 840). The factors of causation and of employment-connected activity in this case differ only in degree from those which warranted an award in *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506). The two cases upon which appellants principally rely seem to us inapposite. In *Matter of Gordon* v. *Temple Beth El of Great Neck* (18 A D 2d 855, affd. 14 N Y 2d 742) we simply found no substantial evidence supportive of the board's finding of excessive "tension" and "emotional stress" engendered in conducting a choir rehearsal; and in *Matter of Schwarz* v. *Benedict & Benedict* (21 A D 2d 921) we did no more than to affirm, under the substantial evidence rule, a board decision disallowing a claim, stating that we could not "say as a matter of law that the board's conclusion that decedent's death was due to natural causes lacked substantial support in the evidence or that the opinion of respondents' cardiologist was incredible." Decision affirmed, with one bill of costs to respondents. Reynolds, Taylor and Aulisi, JJ., concur; Herlihy, J., concurs in the result.